PER CURIAM.
Appellant, Willie R. Singleton, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We address only two of the grounds asserted by Singleton. See Heath v. State, 648 So.2d 660 (Fla.1994). First, Singleton’s motion argued that defense counsel was ineffective for failing to object to the prosecutor’s improper comments on Singleton’s silence during closing argument. The trial court’s summary denial does not address this argument. It appears that, in closing, the prosecutor merely commented on statements by a State witness, who repeated Singleton’s incriminating statements in court. However, we are unable to conclusively determine that based on the current record attachments.
Next, Singleton’s motion argued that defense counsel was ineffective for failing to interview, depose, and call to. testify four witnesses who would have substantially impeached Appellee’s primary witness. In view of the importance of such state witness’ testimony, and the alleged testimony of the four witnesses identified by Singleton, the trial court’s record attachments do not show conclusively that Singleton is entitled to no relief. Thus, we are compelled to reverse and remand for attachments that do conclusively show Singleton’s non-entitlement to relief or for an evidentiary hearing.
Accordingly, we reverse and remand with directions to attach additional portions of the record conclusively refuting Singleton’s claims, or to conduct an eviden-tiary hearing on these claims. Fla. R.App. P. 9.141(b)(2)(D).
AFFIRMED in part and REVERSED in part.
KAHN, VAN NORTWICK, and BROWNING, JJ., concur.